FILED

FEB 27 2013

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS
EAST ST. LOUIS OFFICE

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

Lamonte Lake, )
 )
    Plaintiff, )
 )
-v- ) Civil Action No. 13-cv-198-MJR
 )
Warden Brad Robert, Asst. Warden ) **COMPLAINT**
Julius Flagg, Counselor Nina Hower, )
individually and in their official )
capacities, )
 )
    Defendants. )
 )

## I. JURISDICTION & VENUE

1. This is a civil action authorized by 42 U.S.C. Section 1983 to redress the deprivation, under color of state law, of rights secured by the Constitutions of the State of Illinois and the United States. The court has jurisdiction under 28 U.S.C. Section 1331 and 1343 (a)(3). Plaintiff Lake seeks declaratory relief pursuant to 28 U.S.C. Section 2201 and 2202. Plaintiff Lake's claims for injunctive relief are authorized by 28 U.S.C. Section 2283 & 2284 and Rule 65 of the Federal Rules of Civil Procedure.

2. The Southern District of Illinois is an appropriate venue under 28 U.S.C. 1391(b)(2) because it is where the events giving rise to this claim occurred.

## II. PLAINTIFF(S)

3. Plaintiff Lamonte Lake, is and was at all times mentioned herein a prisoner of the State of Illinois in the custody of the Illinois Department of Corrections. He is currently confined in Hill C.C., in Galesburg, Illinois.

## III. DEFENDANTS

4. Defendant Brad Robert is the Warden of Centralia C.C.. He is legally responsible for the operation of Centralia C.C. and for the welfare of all the inmates of that prison.

5. Defendant Julius Flagg is the Asst. Warden of Operations of Centralia C.C.. He is legally responsible for the security and safety of Centralia C.C. and all of the inmates in that prison.

6. Defendant Nina Hower is a unit counselor at Centralia C.C. She is responsible for dealing with inmate transfer request and recommendations on where to send inmates requesting transfers.

## IV. FACTS

7. At all times relevant to this case, Plaintiff Lamonte Lake was an inmate at Centralia C.C.

8. On October 19, 2011, I was called for the first time to Counselor Nina Hower's unit office. I was asked a few questions before Ms. Hower got to her real reason for calling me out. She asked me if I would like to put in for a transfer, and I told Ms. Hower that I had a few more days left in my Electronics class and wouldn't complete it until 10-25-11, and that I'd think about it. See Exhibit A, Cumulative Counseling Summary

9. On October 25, 2011, Ms. Hower showed up again in my housing unit, and she called me out again. She asked me if I was trying to take another class, or needed anything concerning my education. I explained to defendant Hower that Centralia didn't offer the one class that I needed to obtain my Associates Degrees in both Computer Aided Drafting and Electronics.

10. I rold Defendant Hower that the Ethics class I needed was offered at East Moline C.C. and Dixon C.C., but that I couldn't go to East Moline C.C. because of my case. Defendant Hower said she would check East Moline out for me and let me know what's up. She said she couldn't send me backwards to Dixon C.C. because it was a level 3 facility and Centralia was a level 4 facility. She sain that she wanted to send me to a level 5 or 6 facility. She said to send her a request slip and make sure it says educational transfer on it.

11. Two weeks later on November 9, 2011, I was told that I was being transferred to Hill C.C., a level 2 High Security Medium facility. Hill C.C. is Centralia C.C.'s disciplinary transfer site, not an educational transfer site.

12. As I was going to the Bureau of Identification building, I ran into defendant Hower on the walk to my unit, and I told her that I was being transferred to Hill C.C.. Defendant Hower acted surprised and said she didn't know anything about it that she put me in for East Moline C.C.

13. Upon arriving at Hill C.C., I talked with Counselor Steve Gans, and I asked him to check to see how I got sent to Hill C.C. a level 2 disciplinary facility on an educational transfer from a level 4 low security medium facility.

14. On November 10, 2011, Counselor Gans sent me a Counseling Summary stating that Defendant Nina Hower requested Hill C.C. for my transfer. See Exhibit B.

15. On November 17, 2011, I wrote a grievance for staff conduct and retaliation against me for writing grievances and filing lawsuits at Centralia C.C. See Exhibit C. The response to my grievance

clearly states that Hill C.C. does not offer classes in Ethics, the class that my transfer was supposed to be for.

16. Defendant Hower intentionally submitted me for a transfer to Hill C.C., a disciplinary facility, eventhough, she knew full well I hadn't violated any rules or regulations to warrent such a tranfer, and that I didn't fit the criteria to be sent to Hill C.C.

17. Defendant Brad Robert approved Plaintiff's transfer to Hill C.C. eventhough, he was aware that it **was a leve**l 2 disciplinary facility.

18. Defendant Robert had the final decision on allowing Plaintiff to be transferred to Hill C.C.

19. Defendant Julius Flagg was one of the main individuals that Plaintiff Lake was writing grievances and letters to Governor Quinn on along with the other members of the Inmate Benefit Trust Fund committee.

20. Plaintiff Lake was constantly writing grievances on the staff at Centralia C.C. for the misappropriation of the I.B.T.F.

21. Plaintiff Lake also sent letters to Governor Quinn, Auditor General, Illinois Attorney General, and the Central Management Services detailing the misuses of the I.B.T.F. by the I.B.T.F. committee.

## V. EXHAUSTION OF LEGAL REMEDIES

22. Plaintiff Lake used the prison grievance procedure available at Hill C.C. to try and solve the problem. On November 17, 2011, Plaintiff Lake presented the facts relating to this complaint. On November 18, 2011, Plaintiff was sent a response to that grievance informing him that it was outside of the jurisdiction of the facility. On November 18, 2011, Plaintiff Lake sent his grievance to the Administrative Review Board. On April 13, 2012, A response from the Administrative Review Board was received by Plaintiff Lake stating that his grievance was denied because transfers are an administrative decision. See Exhibits C, D, E, F, and G.

## VI. LEGAL CLAIMS

23. Plaintiff reallege and incorporate by reference paragraphs 1-22.

24. Defendant Nina Hower took retalitory action against Plaintiff for exercising his constitutionally protected right to free speech and in doing so, violated Plaintiff's Due Process right under the First and Fourteenth Amendments.

25. Defendant Hower's request for Plaintiff Lake's transfer to a disciplinary facility when Plaintiff Lake has done nothing wrong to be sent there is clearly a significant or atypical departure from the ordinary incidents of prison life.

26. Plaintiff Lake has been incarcerated for over 18 years and has never been to segregation, had a fight or staff assult.

27. Plaintiff Lake has obtained 8 college certificates, is a certified tutor, and is one class away from obtaining two degrees, so to be transferred to a level 2 high security facility could only be retaliation from exercising his constitutional right to free speech which is protected by the First Amendment.

28. Defendants Warden Brad Robert and Asst. Warden Julius Flagg violated Plaintiff Lake's First and Fourteenth Amendments by authorizing the transfer of Plaintiff to a disciplinary facility when there was clearly no justification for sucha transfer.

29. Defendant Robert has access to every inmate's file and should have known that Plaintiff should not have been transferred to a disciplinary facility when he did not fit the criteria for such a transfer.

30. Defendants Robert and Flagg's actions towards Plaintiff Lake resulted in conditions that were a significant or atypical departure from the ordinary incidents of prison life.

31. In doing so, Defendant Robert violated Plaintiff Lake's First Amendment right to free speech, and Plaintiff's Fourteenth Amendment right to Due Peocess of Law.

## VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that this Honorable Court enter judgment granting Plaintiff:

32. A declaration that the acts and omissions described herein violated Plaintiff's right under the Constitution and laws of the Stare of Illinois and the United States.

33. Compensatory damages in the amount of $10,000 against each defendant, jointly and severally.

34. Punitive damages in the amount of $10,000 against each defendant, jointly and severally.

35. A jury trial on all issues triable by jury.

36. Plaintiff also seek recovery of his cost in this suit.

37. Any additional relief this court deems just, proper, and equitable.

Dated: February 22, 2013

    Respectfully submitted,
    Lamonte Lake
    #B-79261
    Hill Correctional Center
    P.O. Box 1700
    Galesburg, Illinois 61401

## VERIFICATION

I have read the foregoing complaint and hereby verify that the matters alleged therein are true, except as to matters alleged on information and belief, and, as to those, I believe them to be true. I certify under penalty of perjury that the foregoing is true and correct.

Executed at Galesburg, Illinois on February 22, 2013

*Lamonte Lake*
Lamonte Lake