IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| LAMONTE LAKE, # B-79261, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 13-cv-198-MJR |
| | ) |
| BRAD ROBERT, JULIUS FLAGG, | ) |
| and NINA HOWER, | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**REAGAN, District Judge:**

Plaintiff, currently incarcerated at Hill Correctional Center ("Hill"), has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. His claims arose while he was confined at Centralia Correctional Center ("Centralia"). Plaintiff is serving a 45 year sentence for murder. Plaintiff claims that Defendants retaliated against him for complaining about Centralia officials, by transferring him to a higher security prison.

More specifically, Plaintiff claims that in October 2011, Defendant Hower (a Unit Counselor) asked him if he would like to put in for a transfer (Doc. 1, p. 2). Plaintiff told her some days later that he would like to transfer to a prison that offers the Ethics class he needs to complete his Associates Degree; this class was not available at Centralia. The class was offered at East Moline Correctional Center ("East Moline") and Dixon Correctional Center ("Dixon"), but Plaintiff believed he could not go to East Moline "because of [his] case." *Id.* Defendant Hower responded that she could not send him "backwards" to Dixon, which is a Level 3 facility, from Centralia, which is a lower security Level 4. She said she would look into the matter further, with the goal to send Plaintiff to a Level 5 or 6 prison, and instructed Plaintiff to submit

a request for an "educational transfer." *Id*.

Two weeks later, Plaintiff learned he was being transferred to Hill, which is a Level 2 "High Security Medium" location used for disciplinary transfers from Centralia. When he questioned Defendant Hower about the move to Hill, she professed ignorance and said she had put him in for East Moline (Doc. 1, p. 2).

After Plaintiff arrived at Hill in November 2011, he was informed that Defendant Hower had requested the Hill transfer to allow him to take his required class (Doc. 1-2). However, Hill did not offer the Ethics class he needed, and Plaintiff asserts that Defendant Hower must have known this (Doc. 1-3, p. 2).

During Plaintiff's incarceration at Centralia, he "was constantly writing grievances" as well as letters to the governor and other state officials, complaining about misappropriation of the Inmate Benefit Trust Fund by prison staff, in particular Defendant Flagg (an assistant warden) (Doc. 1, p. 3). Plaintiff has been in prison for over 18 years without any disciplinary problems, has taken college courses and become a certified tutor, and needs only one more class to complete two college degrees. Nothing in his record indicated that he should have been transferred to a higher security facility (Doc. 1, pp. 3-4; Docs. 1-3, 1-6, and 1-7). He asserts that Defendants Hower, Flagg, and Robert transferred him to Hill in retaliation for his protected First Amendment activity of lodging complaints against Defendant Flagg and others.

Under 28 U.S.C. § 1915A, the Court is required to conduct a prompt threshold review of the complaint. Accepting Plaintiff's allegations as true, the Court finds that Plaintiff has articulated a colorable federal cause of action against Defendants Hower, Flagg, and Robert for unconstitutional retaliation.

**Disposition**

The Clerk of Court shall prepare for Defendants **ROBERT, FLAGG,** and **HOWER**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge **Stephen C. Williams** for further pre-trial proceedings.

Further, this entire matter shall be **REFERRED** to United States Magistrate Judge Williams for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff. Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action

for want of prosecution.  *See* FED. R. CIV. P. 41(b).

    **IT IS SO ORDERED.**

    **DATED: March 19, 2013**

                                               <u>s/ MICHAEL J. REAGAN</u>
                                               United States District Judge