IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| LAMONTE LAKE, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) )  Case No.   13-cv-198-MJR-SCW |
| BRAD ROBERT, JULIUS FLAGG, and NINA HOWER, | ) ) ) ) |
| Defendant. | ) |

### REPORT AND RECOMMENDATION

**WILLIAMS, Magistrate Judge:**

#### I. Introduction

This case is before the Court on Plaintiff's Motion for Preliminary Injunction (Doc. 24). The matter has been referred to United States Magistrate Judge Stephen C. Williams by United States District Judge Michael J. Reagan pursuant to 28 U.S.C. §§ 636(b)(1)(B) and (c), Federal Rule of Civil Procedure 72(b), and Local Rule 72.1(a). It is **RECOMMENDED** that the District Court **ADOPT** the following findings of fact and conclusions of law, and **DENY** the motion for preliminary injunction (Doc. 24).

#### II. Findings of Fact

On February 27, 2013 Plaintiff filed his Complaint alleging retaliation by three officials at Centralia Correctional Center (Doc. 1). Specifically, Plaintiff alleged that during his incarceration at Centralia Correctional Center, he was asked by Defendant Hower, a unit counselor, if he would like to transfer to another prison (Doc. 5 at p. 1). Plaintiff indicated that he would like to transfer to a facility where he could finish up his Associates Degree by taking an ethics class (*Id.*). The class was offered at

East Moline Correctional Center and Dixon Correctional Center. Hower allegedly informed Plaintiff that he could not be transferred to Dixon because it was a Level 3 security facility and Plaintiff was currently housed at a lower security level facility (*Id.*). Centralia is a Level 4 security facility. Hower allegedly stated that she would look into the matter and try to have Plaintiff transferred to a Level 5 or 6 facility (*Id.*). In response, Plaintiff put in a request for an education transfer. Two weeks later, Plaintiff was transferred to Hill Correctional Center, a Level 2 security facility, labeled as "High Security Medium", which Plaintiff alleges is used for disciplinary transfers (*Id.* at p. 2). He asked Hower about the transfer, but she claimed that she had put Plaintiff in for a transfer to East Moline Correctional Center (*Id.*). Upon arriving at Hill Correctional Center, Plaintiff learned that Hower had put in the request for his transfer to Hill so that he might take his required education course. However, Plaintiff claims that Hill does not offer the Ethics course and that Hower must have sent him to Hill for retaliatory motives (*Id.*). Plaintiff claims that he was "constantly writing grievances" as well as letters to the governor about the misappropriation of the Inmate Benefit Trust Fund by prison staff, including assistant warden Flagg, and he believes that his transfer was done in retaliation for his grievance filing (*Id.*).

On August 30, 2013, Plaintiff filed the pending motion for preliminary injunction (Doc. 24). Plaintiff argues that the facility he is currently housed at, Hill Correctional Center, has an illegal policy of forcing inmates to dispose of their personal property, which is in violation of Illinois law providing that personal property be held no later than an inmate's release. Plaintiff alleges that Hill Correctional Center gives inmates three options with handling their personal property, they can either mail the property to relatives, send the property out on or a visit, or have the property destroyed. Plaintiff seeks a preliminary injunction stopping Hill Correctional Center from implementing their policy of disposing of personal property. Defendants have filed a Response (Doc. 29) in opposition

to the motion, arguing that Plaintiff's preliminary injunction request is unrelated to his lawsuit as his lawsuit alleges a retaliatory transfer by staff at Centralia Correctional Center and his request for injunctive relief relates to property policies implemented by officials at Hill Correctional Center.

### III. Conclusions of Law

**A.  Preliminary Injunction Standard**

A preliminary injunction is "an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997). *Accord Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008) ("A preliminary injunction is an extraordinary remedy never awarded as of right"). To win a preliminary injunction, a plaintiff must show (1) that he is likely to succeed on the merits, (2) that he is likely to suffer irreparable harm without the injunction, (3) that the harm he would suffer is greater than the harm a preliminary injunction would inflict on defendants, and (4) that the injunction is in the public interest. *Judge v. Quinn*, 612 F.3d 537, 546 (7th Cir. 2010) (citing *Winter*, 555 U.S. at 20). The "considerations are interdependent: the greater the likelihood of success on the merits, the less net harm the injunction must prevent in order for preliminary relief to be warranted." *Judge*, 612 F.3d at 546.

In the context of prisoner litigation, there are further restrictions on courts' remedial power. The scope of the court's authority to enter an injunction in the corrections context is circumscribed by the Prison Litigation Reform Act (PLRA). *Westefer v. Neal*, 682 F.3d 679, 683 (7th Cir. 2012). Under the PLRA, preliminary injunction relief "must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm." 18 U.S.C. §3626(a)(2). *See also Westefer*, 682 F.3d at 683 (the PLRA "enforces a point repeatedly made by the Supreme Court in cases

**challenging prison conditions: prison officials have broad administrative and discretionary authority over the institutions they manage") (internal quotation marks and citation omitted).**

The Seventh Circuit has described injunctions like the one sought here, where an injunction would require an affirmative act by the defendant, as a mandatory preliminary injunction. *Graham v. Med. Mut. of Ohio*, 130 F.3d 293, 295 (7th Cir. 1997). Mandatory injunctions are "cautiously viewed and sparingly issued," since they require the court to command a defendant to take a particular action. *Id.* **(citing** *Jordan v. Wolke*, 593 F.2d 772, 774 (7th Cir. 1978)). *See also* *W.A. Mack, Inc. v. Gen. Motors Corp.,* 260 F.2d 886, 890 (7th Cir. 1958) ("A preliminary injunction does not issue which gives to a plaintiff the actual advantage which would be obtained in a final decree.").**

**B.     Analysis**

The undersigned **RECOMMENDS** that Plaintiff's motion should be **DENIED** because Plaintiff cannot demonstrate a likelihood of success on the merits. Plaintiff states in his motion that he is being subject to an illegal policy by which Hill Correctional Center is forcing him to decide between three options of what to do with his personal property: (1) mail the property to someone, (2) send the property out of the facility on a visit, or (3) have the property destroyed. Plaintiff maintains that this goes against Illinois law which requires that the correctional center hold the property until Plaintiff is released on parole. However, Plaintiff's allegations in his motion are not the subject of his current lawsuit. Plaintiff's current suit focuses on an allegation of retaliation by three prison officials at Centralia Correctional Center, who Plaintiff claims retaliated against him by transferring him to Hill Correctional Center for grieving against the correctional officers. His Complaint does not deal with any alleged illegal policies at Hill Correctional Center. Thus, the

undersigned agrees with Defendants that the relief he seeks preliminary would not be the sort of relief he would obtain should he win his suit against Defendants as Hill Correctional Center's property policy is unrelated to Plaintiff's retaliation claim. Further, as Defendants point out, the current Defendants in this case have nothing to do with policies at Hill Correctional Center as they are officials at Centralia Correctional Center, and thus could not provide Plaintiff with the relief he seeks. If Plaintiff takes issue with the policies at Hill Correctional Center, in order to obtain relief he would need to file another lawsuit against officials there, after properly exhausting his administrative remedies. Thus, the undersigned **RECOMMENDS** that the Court find that Plaintiff is not entitled to the preliminary injunction that he seeks.

### IV. Conclusion and Recommendation

Accordingly, it is **RECOMMENDED** that the Court **DENY** Plaintiff's motion for preliminary injunction (Doc. 24) as the request he seeks is on an issue unrelated to his current claims before this Court.

Pursuant to **28 U.S.C. § 636(b)(1)** and **Local Rule 73.1(b),** the parties may object to any or all of the proposed dispositive findings in this Recommendation. The failure to file a timely objection may result in the waiver of the right to challenge this Recommendation before either the District Court or the Court of Appeals. *See, e.g., Snyder v. Nolen*, **380 F.3d 279, 284 (7th Cir. 2004).** Accordingly, Objections to this Report and Recommendation must be filed on or before **October 15, 2013**.

**IT IS SO ORDERED**.
DATED: September 27, 2013.

*/s/ Stephen C. Williams*
STEPHEN C. WILLIAMS
United States Magistrate Judge