IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| LAMONTE LAKE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 13–cv–0198–MJR–SCW |
| | ) |
| BRAD ROBERT, JULIUS FLAGG, and | ) |
| NINA HOWER, | ) |
| | ) |
| Defendant. | |

MEMORANDUM & ORDER

REAGAN, District Judge:

In February 2013, pursuant to 42 U.S.C. § 1983, *pro se* Plaintiff Lamonte Lake filed suit against three officials at Centralia Correctional Center in the Illinois Department of Corrections (IDOC). According to the Complaint (as reviewed in the undersigned's threshold order, *see* Doc. 5), Plaintiff is a model prisoner who sought transfer to a lower-security environment so he could finish classes required for two college degrees. Instead, he was transferred to a higher-security penitentiary (Hill Correctional Center, where the classes he needs are not offered) in retaliation for numerous grievances he filed about misappropriation of prisoner trust fund monies.

The case comes before the Court on a Report and Recommendation ("R&R") submitted by Magistrate Judge Stephen C. Williams, who recommends denial of Plaintiff's motion for preliminary injunctive relief. Plaintiff—who requests to enjoin officials at his new institution against enforcing a personal property policy he claims violates the Constitution and state law—has filed timely objections, so the the undersigned must review

1

*de novo* the portions of Judge Williams' R&R targeted by Plaintiff. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b)(3).

Judge Williams recommends denying injunctive relief because Plaintiff cannot show a likelihood of success on the merits: since the allegations in his preliminary injunction motion have nothing to do with the retaliation claims in this lawsuit, equitable relief against the instant Defendants (who in any event have no control over matters at Plaintiff's new institution) is unavailable. Plaintiff counters that he "believes that everything that has happened to [him], including the possible illegal confiscation of his property, should be covered by his current lawsuit," and that "a relationship [to his current subjection to Hill's property policy] was created by the [retaliatory] actions of the Defendants." (Doc. 32).

## ANALYSIS

Judge Williams' recitation of the preliminary injunction standard drew no objection from Plaintiff, and is entirely correct. Granting a preliminary injunction "is an exercise of a very far-reaching power, never to be indulged in except in a case clearly demanding it." *Roland Machinery Co. v. Dresser Indus., Inc.* 749 F.2d 380, 390 (7th Cir. 1984). A plaintiff, to win such an "extraordinary remedy," must show (1) likelihood of success on the merits; (2) that he is likely to suffer irreparable harm without the injunction; (3) the harm he would suffer is greater than the harm the injunction would inflict on the non-movants; and (4) the injunction is in the public interest. *Winter v. Natural Res. Def. Counsel*, 555 U.S. 7, 24 (2008); *Judge v. Quinn*, 612 F.3d 537, 546 (7th Cir. 2010). Since Judge Williams entered his R&R, the Seventh Circuit has reiterated that the second prong also means "no adequate

remedy at law" exists. *Wisc. Right to Life, Inc. v. Barland*, 751 F.3d 804, 830 (7th Cir. 2014 (citing *Ezell v. City of Chi.*, 651 F.3d 684, 694 (7th Cir. 2011)).

Here, denial of injunctive relief on both the first and second prongs is appropriate. As Judge Williams reasoned, Plaintiff's request has absolutely nothing to do with eventual success on the merits in this case. Though Plaintiff appears to argue that everything that has happened to him since Defendants retaliated against him is in some way connected to that retaliation, such logic would allow for the possibility of injunctive relief against almost any non-party as a result of a party's alleged behavior, and does not square with the proscription against preliminary injunctive relief except in extraordinary cases. That is doubly so where, as here, Plaintiff spends no argument (and adduces no evidence) discussing how he is likely to succeed in this case. Further, the Court notes Plaintiff has an adequate remedy at law for his newly-raised concerns: should he lose personal property to Hill's purportedly illegal scheme, he can be made whole in a separate suit for money damages. *See Trustmark Ins. Co. v. Gen. & Cologne Life Re of Am.*, 424 F.3d 542, 552 (7th Cir. 2005) (damages are an adequate remedy at law).

## CONCLUSION

Plaintiff has not shown a likelihood of eventual success on the merits, and an adequate remedy at law exists for his concerns about Hill Correctional Center's personal property policy. Judge Williams' R&R (Doc. 30) is **ADOPTED** in full, and Plaintiff's Motion for a Preliminary Injunction (Doc. 24) is **DENIED**.

IT IS SO ORDERED.  
DATE: July 22, 2014

s/ *Michael J. Reagan*  
MICHAEL J. REAGAN  
United States District Judge