IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

LAMONTE LAKE,                          )
                                       )
              Plaintiff,               )
                                       )
vs.                                    )      Case No.   13-cv-198-SCW
                                       )
JULIUS FLAGG and NINA HOWER,           )
                                       )
              Defendants.              )

MEMORANDUM AND ORDER

WILLIAMS, Magistrate Judge:

INTRODUCTION

This matter is before the Court on Defendants' post-trial motion (Doc. 91 and 92).

Defendants seek judgment as a matter of law pursuant to Federal Rule of Civil

Procedure 50 and/or a new trial or remittitur of the verdict.   Plaintiff has filed a

response in opposition to Defendants' motion (Doc. 95).   Based on the following, the

Court DENIES Defendants' motion.

FACTUAL BACKGROUND

Plaintiff filed his complaint on February 27, 2013 (Doc. 1).   The claim which

ultimately proceeded to trial was a single retaliation claim against Defendants Julius

Flagg and Nina Hower for transferring Plaintiff to Hill Correctional Center in retaliation

for filing grievances regarding staff misconduct.   The jury returned a verdict in favor of

Plaintiff against both Defendants (Doc. 82).   Plaintiff was awarded $1.00 in

compensatory damages and a punitive damages award of $5,000 against each Defendant for a total of $10,000 in punitive damages (Doc. 82).

Subsequent to the entering of judgment in this case, Defendants filed the pending post-trial motion (Doc. 92).   Defendants seek judgment as a matter of law pursuant to Federal Rule of Civil Procedure 50.   Defendants argue that Plaintiff failed to introduce evidence sufficient to prove his claim that Defendants transferred Plaintiff to Hill Correctional Center in retaliation for Plaintiff filing grievances.   In addition to the motion for judgment as a matter of law, Defendants' post-trial motion also included a motion for new trial.   The motion for new trial argues that the verdict was against the manifest weight of the evidence, the punitive damage award of $10,000 was excessive, and that the Court's jury instructions related to the elements of retaliation and punitive damages award were incorrect.   Plaintiff has filed a response in opposition to the motion (Doc. 95).

## LEGAL STANDARDS

### A.  Federal Rule of Civil Procedure 50(b)

Defendants seek judgment as a matter of law pursuant to **Federal Rule of Civil Procedure 50(b)**.   Rule 50(b) allows a party to re-raise its previous request for judgment as a matter of law within 28 days of the jury being discharged.   **Fed.R.Civ.P. 50(b).** Such a motion should only be granted when "the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue." **Fed.R.Civ.P. 50(a)(1).**   "In ruling on the renewed motion, the court may: (1) allow

judgment on the verdict…; (2) order a new trial; or (3) direct the entry of judgment as a matter of law." **Fed.R.Civ.P. 50(b).**

In reviewing a party's motion, the court must construe "the evidence strictly in favor of the party who prevailed before the jury and examines evidence only to determine whether the jury's verdict could reasonably be based on that evidence." ***Passananti v. Cook County*, 689 F.3d 655, 659 (7th Cir. 2012) (*citing Tart v. Illinois Power Co.*, 366 F.3d 461, 464 (7th Cir. 2004)).** The court will also not make credibility determinations or weigh the evidence. ***Id.* (***citing Waite v. Board of Trustees of Illinois Comm. College Dist. No. 508*, 408 F.3d 339, 343 (7th Cir. 2005)).** The Seventh Circuit has stated that "overturning a jury verdict is not something [the court] do[es] lightly," ***Massey v. Blue Cross–Blue Shield of Ill.*, 226 F.3d 922, 925 (7th Cir.2000)**, and it will only do so if the moving party can show that no rational jury could have brought in a verdict against it. ***Hossack v. Floor Covering Associates of Joliet, Inc.*, 492 F.3d 853, 859 (7th Cir.2007)**.

### B. Motion for New Trial

Defendants seek a new trial pursuant to Federal Rule of Civil Procedure 59(a). Rule 59(a) allows the court, after a jury trial, to grant a new trial on all or as to some of the issues, as to any party, "for any reasons for which a new trial has heretofore been granted in an action at law in federal court." Fed.R.Civ.P. 59(a). ***See also ADM Marking, Inc. v. Zanasi Fratelli, S.R.L.*, 353 F.3d 541, 543 (7th Cir. 2003)**. A court may grant a new trial if "the verdict is against the clear weight of the evidence, the damages

are excessive or the trial was unfair to the moving party." *Miksis v. Howard*, **106 F.3d 754, 757 (7th Cir. 1997)**.   "In reviewing a motion for a new trial, we view the evidence in the light most favorable to the prevailing party.  We will not set aside the jury's verdict if there is a reasonable basis in the record which supports that verdict." *Allison v. Ticor Title Ins. Co.*, **979 F.2d 1187, 1196 (7th Cir. 1992)**.

ANALYSIS

### A.  Judgment as a Matter of Law

Defendants argue that they are entitled to judgment as a matter of law because Plaintiff failed to prove that his grievances were a motivating factor behind his transfer.[1] Establishing a claim of retaliation requires a prisoner to show the following: (1) that he engaged in a protected activity, (2) he suffered a deprivation likely to prevent future protected activities, and (3) there was a causal connection between the two.  *See also Watkins v. Kasper*, **599 F.3d 791, 794 (7th Cir. 2010)**; *Bridges v. Gilbert*, **557 F.3d 541, 546 (7th Cir. 2009)**.   A defendant can still prevail, however, if he shows that the offending action would have happened even if there had been no retaliatory motive, i.e. "the harm would have occurred anyway." *Mays v. Springborn*, **719 F.3d 631, 634-35 (7th Cir. 2013)**; *Greene v. Doruff*, **660 F.3d 975, 977-80 (7th Cir. 2011)**.

Defendants argue that Plaintiff presented no evidence beyond his subjective belief and suspicious timing to support his claim that Defendants retaliated against him.

---

[1] Defendants first argue that Plaintiff must prove "but for" causation but notes that if the Court finds the "motivating factor" standard to be appropriate than Plaintiff still did not produce enough evidence to meet that standard.   As stated later in this memorandum and order, the Court rejects Defendants' argument that the "but for" standard is the appropriate standard in this case and will thus analyze Defendants' motion under the "motivating factor" standard.

Defendants further argue that the three month delay, from the time his filed his grievance to the time he was transferred, was too remote to support a causal connection because the retaliation must occur no more than a few days after the protected speech to establish a causal connection.   To support their argument, they cite **Kidwell v. Eisenhauer, 679 F.3d 957, 966 (7th Cir. 2012).**   But, in that case, the Seventh Circuit ruled that the adverse action must take place typically within a few days of the protected speech, when the plaintiff is relying on suspicious-timing *alone*. **Id**. When the only evidence a plaintiff has is suspicious timing, then the plaintiff must show that the "adverse…action follows close on the heels of protected expression" and that "the person who decided to impose the adverse action knew of the protected conduct."   ***Id.*** **(quoting *Lalvani v. Cook Cnty.*, 269 F.3d 785, 790 (7th Cir. 2001)).**

However, in this case, Plaintiff presented more evidence than just suspicious timing alone.   As Plaintiff points out, Hower testified that she did comment that Plaintiff must not like it at Centralia Correctional Center, a statement Plaintiff also testified to.   Plaintiff testified that this was during the time that he was filing grievances regarding misappropriations of the Inmate Benefit Fund.   Further, there was testimony that Hower initiated the conversation regarding Plaintiff wanting a transfer to another prison for educational purposes, two months after Plaintiff filed his grievances, and offered to request that he be transferred to East Moline.   Plaintiff testified that Hill Correctional Center was never discussed during his conversations with Hower and that Hower specifically told him he could not be transferred to Dixon Correctional Center

because it had a higher security level than Centralia.   Yet, the evidence at trial was that Hower then recommended that Plaintiff be transferred to Hill Correctional Center, a higher security level than Centralia without telling Plaintiff.   Plaintiff testified that he never requested a transfer to Hill and would not have requested such a transfer.   He only put in a request for Hower to check whether he was eligible to be placed at East Moline, not to transfer to any other facility.   Hower marked on the form that Plaintiff wanted the transfer to complete his associate's degree, but the evidence at trial indicated that Hill did not offer the Ethics class that Plaintiff needed to obtain his degree.   There was also evidence that Hower told him that she put in a request for East Moline when the documents clearly showed she had requested Plaintiff be transferred to Hill Correctional Center.

There was also evidence that a written request for transfer usually was attached to the transfer report, and Flagg admitted that such a written request from Plaintiff was not attached.   Flagg also approved Plaintiff's transfer to Hill and did not ask Plaintiff whether he wanted a transfer or not.   There was also evidence that Flagg was one of the individuals that Plaintiff accused of embezzling from the Inmate Benefit Fund in his grievance and he was aware of the grievances as he had an opportunity to respond to the grievance Plaintiff filed against him.

Most telling, however, was evidence that Plaintiff was the only inmate on record who transferred from Centralia Correctional Center to Hill Correctional Center for non-disciplinary reasons.   All of the other inmates, Plaintiff testified, had transferred

Hill after disciplinary issues and Hill was a known location for inmates with disciplinary issues, which Plaintiff did not have. With this evidence, along with the suspicious timing between Plaintiff's filing of grievances and his transfer, a reasonable jury could find retaliation to be Defendants' motive. As Plaintiff points out, the evidence presented reasonably demonstrated that the stated reason for his transfer was mere pretext for the retaliatory transfer. The Court, accordingly, **DENIES** Defendants' motion for judgment as a matter of law.

## B. Motion for New Trial

### 1. *Manifest Weight of the Evidence*

Defendants argue that they are entitled to a new trial because the jury's determination that Defendants retaliated against Plaintiff was against the manifest weight of the evidence. In determining whether the verdict is against the manifest weight of the evidence, a court analyzes the "general sense of the evidence, assessing the credibility of the witnesses and the comparative strength of the facts put forth at trial." *Willis v. Lepine*, **687 F.3d 826, 836 (7th Cir. 2012) (citing** *Mejia v. Cook Cnty.*, **650 F.3d 631, 633 (7th Cir.2011) (citations omitted)).** The verdict will be set aside "only if 'no rational jury' could have rendered the verdict." *Moore ex rel. Estate of Grady v. Tuelja*, **546 F.3d 423, 427 (7th Cir. 2008) (citing** *King v. Harrington*, **447 F.3d 531, 534 (7th Cir. 2006)).** Further, the verdict "deserve[s] particular deference in cases with 'simple issues but highly disputed facts.'" *Id.* **(quoting** *Latino v. Kaizer*, **58 F.3d 310, 314 (7th Cir. 1995)).**

Defendants rely on their arguments in support of judgment as a matter of law to support their position that the jury's decision was against the manifest weight of the evidence.   But as previously pointed out by the Court, there was ample evidence in the record from which a jury could reasonably find that Hower's and Flagg's transfer of Plaintiff was motivated by Plaintiff's grievances.   As such, the Court **DENIES** the motion for new trial as to this ground.

### 2. *Punitive Damage Award*

Defendants argue that the award of $10,000 in punitive damages, $5,000 against each Defendant, was excessive.   In reviewing an award for punitive damages to determine if the award is excessive, the Court looks at three guideposts, (1) the degree of reprehensibility of defendant's conduct; (2) the disparity between the harm or potential harm suffered by the plaintiff and his punitive damages award; and (3) the difference between this remedy and the civil penalties authorized or imposed in comparable cases. *Kapelanski v. Johnson*, 390 F.3d 525, 534 (7th Cir. 2004) (citing *BMW of North America, Inc. v. Gore*, 517 U.S. 559, 574, 116 S.Ct. 1589, 134 L.Ed.2d 809 (1996)).

The degree of reprehensibility is the most important factor.   *Hendrickson v. Cooper*, 589 F.3d 887, 894 (7th Cir. 2009) (citing *State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408, 419, 123 S.C.t 1513, 155 L.Ed.2d 585 (2003)); *Estate of Moreland v. Dieter*, 395 F.3d 747, 756-57 (7th Cir. 2005).   When looking at the reprehensibility of the conduct, the Court must look at five factors:

> (1)whether the harm was physical or economic; (2) whether the conduct evinced an indifference to or reckless disregard for the health

or safety of others; *757 (3) whether the target of the conduct was financially vulnerable; (4) whether the conduct involved repeated actions; and (5) whether the harm was the result of malice, trickery, or deceit, or mere accident.

**Estate of Moreland, 395 F.3d at 757 (quoting Campbell, 538 U.S. at 419, 123 S.Ct. 1514, 155 L.Ed.2d 585.**

The Court finds evidence in the record to support a finding of significant reprehensibility on the part of the Defendants.   There was evidence that Defendants actions were not mere accident but done out of retaliation for Plaintiff filing grievances uncovering misuse of the Inmate Benefit Fund.   There was evidence of deceit as Hower approached Plaintiff for the transfer, told him she would see if he could be transferred to East Moline, a lower security prison, and then recommended that he be transferred to a higher security prison at Plaintiff's purported request.   Plaintiff testified that he never requested to be transferred anywhere, let alone a higher security prison which was known to house IDOC's disciplinary inmates which Plaintiff testified were more aggressive inmates. Plaintiff further testified that when he approached Hower about the transfer she told him that she had recommended a transfer to East Moline when the records clearly reflect she recommended him for Hill.   There is also evidence that Flagg signed off on the transfer and he was the subject of Plaintiff's grievances and a member of the Inmate Benefit Fund Committee.

Defendants also argue that the ratio between the nominal compensatory damages award and the punitive damages award is also too high.   "There is no

set formula for determining when the line is crossed, although" the Supreme Court has suggested "that single-digit multipliers are more likely to comport with due process." *Estate of Moreland*, **395 F.3d at 757 (quoting** *Campbell*, **538 U.S. at 425, 123 S.Ct. 1513, 155 L.Ed.2d 585 (internal quotations omitted)).** However, the Seventh Circuit has noted that capping the ratio "makes sense only when the compensatory damages are large". *Lust v. Sealy, Inc.*, **383 F.3d 580, 591 (7th Cir. 2004) (noting hypothetically that capping a punitive damages award at $100 for a $10 compensatory damages award would not serve the purpose of punitive damages);** *Mathias v. Accor Economy Lodging Inc.*, **347 F.3d 672, 677 (7th Cir. 2003).** *See also BMW*, **517 U.S. at 582, 116 S.Ct. 1589, 134 L.Ed.2d 809 ("A higher ratio may also be justified in cases in which injury is hard to detect or the monetary value of noneconomic harm might have been difficult to determine.").** The Seventh Circuit has upheld higher punitive damages when the compensatory damages were lower. *See Mathias*, **347 F.3d at 677 (upholding 37.2 to 1 punitive damage award when harm was slight and difficult to quantify in compensatory damages);** *Bogan v. Stroud*, **958 F.2d 180, 186 (7th Cir. 1992) (upholding a punitive damages award of $7,000 when zero compensatory damages were awarded in an excessive force case).** Further, punitive damages are available even when compensatory damages are not. *Calhoun v. DeTella*, **319 F.3d 936, 942 (7th Cir. 2003);** *Thomas v. Illinois*, **697 F.3d 612, 614 (7th Cir. 2012).**

Here, Plaintiff was only able to receive a nominal award of compensatory damages due to the fact that he did not suffer a physical injury as a result of Defendants' retaliation.  ***Gray v. Hardy*, 826 F.3d 1000, 1007 (7th Cir. 2016) (inmate can recover nominal and punitive damages for the constitutional violation itself when there are no physical injuries).  *See also Calhoun*, 319 F.3d at 940 ("[A]bsent a showing of physical injury, § 1997e(e) would bar a prisoner's recovery of compensatory damages for mental and emotional injury.").**  Had Plaintiff not been subject to this limitation, the jury would have been free to award compensatory damages on the basis of the deprivations Plaintiff suffered, which caused no physical injuries.  To subject Plaintiff to a single ratio for punitive damages or to say that the $5,000 award is too high a ratio in this case because he could only obtain nominal compensatory damages would not serve the purpose of punitive damages.   As the Seventh Circuit points out, such ratios may not be appropriate in cases where the compensatory damages are small.

Further, the amount is not out of line with other cases that Plaintiff has pointed to where there were nominal compensatory damages.  ***See Wilson-El v. Mutayoba*, Case No. 12-cv-203-NJR-DGW (Doc. 117-118), 2015 WL 2201564 (S.D.Ill., May 8, 2015) (jury awarded $1.00 in compensatory damages and $10,100 in punitive damages); *Gevas v. Harrington*, Case No. 10-cv-493-SCW, 2014 WL 4627689 (S.D. Ill. Sept. 16, 2014) (upholding $10,000 in punitive**

**damages on a nominal compensatory award).**   Defendants point to the case of *Ustrak v. Fairman*, **781 F.2d 573 (7th Cir. 1986)** to support their position that the punitive damages award should be lowered.   In that case, the Seventh Circuit lowered an award of $15,000 in punitive damages and $3,000 in compensatory damages to $1,000 in punitive damages in a case where the warden retaliated against an inmate who filed grievances by refusing to send him to a lower security portion of the prison for two months.   *Ustrak*, **781 F.2d at 5798-581.** The Seventh Circuit noted that the award for the failure to transfer was excessive as the plaintiff was a convicted bail jumper and the portion of the prison that Plaintiff wanted transferred to was easier to escape from.   *Id*. at 579.   Further, the Court noted that the inmate was subjected to a trivial deprivation of amenities, which were described as nicer conditions with better food and accommodations and less attention put on the inmates by the guards.   *Id*. at 578-79.

Here, however, plaintiff suffered much more of a deprivation than the one described in *Ustrak*.   Plaintiff, who had no history of discipline that would require transfer to a higher security prison and had a security designation and placement score of minimum, was transferred to a higher security prison that was known as a prison where inmates were sent for disciplinary reasons (Doc. 97, p. 14-15).   In fact, the testimony at trial was that Plaintiff was the only inmate from Centralia to be transferred to Hill for non-disciplinary reasons.   Plaintiff had a

segregation score of zero, had no major disciplinary sanctions, and had a current designation and recommended designation level of low (*Id.* at p. 57-59).   There was also evidence that Hower had previously told Plaintiff that he could not be transferred to a Level 3 security prisoner because he was currently in a Level 4 prison and could not be sent to a higher security prison, a backwards move (*Id.* at p. 43).

But out of retaliation, Plaintiff was sent to a higher security prison where Plaintiff testified that he was subjected to stricter conditions.   Plaintiff testified extensively about the differences between Centralia and Hill.   Plaintiff testified that at Centralia there was more freedom of movement, the cells were a nice size, and there were no bars.   He was allowed to have a television, hot pot, radio, headphones, and various other amenities and there were numerous opportunities to go outside.   At Hill, Plaintiff was subjected to numerous lockdowns and had an hour of access a day to the yard and was in his cell for twenty-three hours a day (Doc. 97, p. 62-63).   Unlike at Centralia where Plaintiff had freedom of movement outside of his cell for the majority of the day, Plaintiff could not come out of his cell unless officers keyed him out and he was escorted, handcuffed (*Id.* at p. 8, 11).   Plaintiff testified that given the higher security and inmates placed there for disciplinary reasons, both the guards and inmates were more aggressive than at Centralia (*Id.* at p. 11).

Further, unlike in *Ustrak*, Plaintiff was housed at Hill Correctional Center

for four and half years (Doc. 97, p. 67).   He was unable to transfer to another prison despite numerous requests to do so.   He was finally able to transfer to Robinson Correctional Center in July 2015, a Level 5, lower security prison (*Id*.). Most importantly, because he was at Hill Correctional Center, which did not offer the Ethics class Plaintiff needed and was purportedly transferred there to obtain, he was not able to take his last required class and complete his associate's degree (*Id.* at p. 60-61, 64, 73).   Plaintiff testified that as of the date of the trial he had been unable to obtain his desired associate's degree.   Thus, the evidence in this case demonstrated that Plaintiff was subjected to a much harsher deprivation from Defendants' retaliation than that which was suffered by the plaintiff in *Ustrak*.   Given the reprehensibility of Defendants' conduct and the deprivation that he faced as a result of the retaliation, the Court finds that the jury's $10,000 award of punitive damages, $5,000 against each Defendant, was well within the reasonable range of awards that could have been assessed in this case. Defendants' motion as to the punitive damages award is **DENIED**.

### 3.  *Jury Instructions*

#### a.  *Retaliation Instruction*

Defendants first argue that the Court erred in rejecting both of their elements instructions.   Defendants argue that the instructions they submitted properly informed the jury that in order to prove his retaliation claim, Plaintiff had to show that "but for" their desire to punish the Plaintiff, Plaintiff would not have been transferred to Hill

Correctional Center.   The Court's instruction as to this element required the jury to find that Plaintiff's filing of grievances was a reason, alone or with other reasons, that Defendants relied on when they transferred Plaintiff (Doc. 85, p. 20).   The jury was then instructed that if Plaintiff proved those elements by a preponderance of the evidence, they were to consider Defendants' claim that they would have transferred Plaintiff anyway, even if he had not filed grievances (*Id.*).

To support their claim, Defendants rely on the Seventh Circuit's opinion in *Kidwell v. Eisenhauer*, **679 F.3d 957, 965 (7th Cir. 2012).**   In that case, one involving a police officer alleging this his First Amendment rights were violated under 42 U.S.C. § 1983 when officials retaliated against him for making speeches during union meetings, the Seventh Circuit stated that under the Supreme Court opinion, *Gross v. FBL Financial Services, Inc.*, **557 U.S. 167, 129 S.Ct. 2343, 174 L.Ed.2d 119 (2009)**, a plaintiff must ultimately prove "but for" causation to succeed on a claim of retaliation.   *Kidwell*, **679 F.3d at 965.**   The Seventh Circuit distinguished the standard that was necessary at trial, from the standard at summary judgment, which the Seventh Circuit held was a "motivating factor" standard.   *Id.*

However, one year later, the Seventh Circuit, in again addressing the rule in *Gross*, found that the jury was properly instructed on the causation element in a prisoner retaliation case under § 1983 when they were instructed that the plaintiff only had to show that "defendant's conduct was a sufficient condition of the plaintiff's injury." *Mays v. Springborn*, **719 F.3d 632, 634 (7th Cir. 2013).**   In *Mays*, the Seventh Circuit held

that the "but for" rule in *Gross* was inapplicable to First Amendment cases and that such cases are controlled by the Supreme Court's decision in ***Mt. Healthy Board of Education v. Doyle*, 429 U.S. 274, 97 S.Ct. 568, 50 L.Ed.2d 471 (1977)**, which divides the burden of causation between the parties.  ***Mays*, 719 F.3d at 634; *see also Greene v. Doruff*, 660 F.3d 975, 977-79 (7th Cir. 2011).**   The Defendants recognize this discrepancy between *Kidwell* and *Mays*, but argue that the proper standard is the "but for" standard in *Kidwell*.

The Court rejects Defendants' argument.   In *Mays*, the Seventh Circuit specifically rejected Defendants' rationale that a retaliation claim requires "but for" causation.   The Seventh Circuit rejected the notion that the standard in *Gross* applies to First Amendment cases and held that the proper standard is a burden shifting one which requires the plaintiff to prove that the conduct was a sufficient condition and allows the defendant to rebut with a "showing that his conduct was not a necessary condition of the harm."   The Court specifically found that a jury instruction requiring "but for" causation, as the one Defendants offered in the present case, was improperly given as it placed the burden of causation solely on the plaintiff.   Here, the Court is bound by the ruling in *Mays* and, thus, the jury instruction which required Plaintiff to first prove that the filing of grievances was a reason for his transfer, and then whether Defendants would have transferred Plaintiff anyway, was proper.

Defendants also argue that even if the Court finds that a "but for" instruction was not proper, that the instruction presented to the jury was still improper because it did not inform the jury that the protected speech was a substantial or motivating factor.

The Court's instruction required that the jury find that "Plaintiff's filing of grievances was a reason, alone or with other reasons, that Defendants relied on when they transferred Plaintiff." (Doc. 85, p. 20). In *Mays*, the Seventh Circuit held that a plaintiff must show that retaliation was a motivating factor or a sufficient condition. The Court also noted that the Seventh Circuit Pattern Instruction, at the time labeled 6.01 and 6.02 said the same thing as the element requiring "at least a motivating factor." ***Mays*, 719 F.3d at 635.** That instruction is identical to the instructions which this Court accepted and instructed the jury on. The comments to those sections indicate that the use of the language "was a reason, alone or with other reasons" is consistent with technical words "substantial or motivating" and are used to simplify the instruction for the jury. ***See* Committee Comments to Seventh Circuit Pattern Civil Jury Instruction 6.01 and 6.02.** The Court agrees and thus rejects Defendants' argument that the instruction was improper.

### b. *Punitive Damages Instruction*

Defendants also argue that the Court erred in refusing Defendants' instruction on punitive damages which was patterned after Seventh Circuit Pattern Instruction 3.13. That instruction would have required the jury to find that punitive damages should only be assessed if the Defendants' conduct taken with knowledge that it may violate the law. The jury instruction given was Seventh Circuit Pattern Instruction 7.24 which required that the jury find that Defendants' conduct was malicious or in reckless disregard to Plaintiff's rights (Doc. 85, p. 24).

In support of their position, Defendants cite to *Kolstad v. American Dental Assoc.*, **527 U.S. 526, 119 S.Ct. 2118, 144 L.Ed.2d 494 (1999)**.   In that case, the Supreme Court, in ruling on an employment discrimination case brought under 42 U.S.C. § 1981a Title VII, found that punitive damages are only available if the employer "at least discriminate[d] in the face of a perceived risk that its actions will violate federal law to be liable in punitive damages."   *Kolstad,* **527 U.S. at 536, 119 S.Ct. 2118, 144 L.Ed.2d 494.**

But *Kolstad* was a Title VII employment discrimination case.   In Section 1983 cases, the Seventh Circuit has stated that the correct standard for punitive damages is the standard found in *Smith v. Wade*, **461 U.S. 30, 56, 103 S.Ct. 1625, 75 L.Ed.2d 632 (1983)** which held that "a jury may be permitted to assess punitive damages in an action under § 1983 when the defendant's conduct is shown to be motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of others."   *See also Alexander v. City of Milwaukee*, **474 F.3d 437, 453 (7th Cir. 2007).** More recently, the Seventh Circuit has reiterated that standard in an unpublished opinion, noting that the punitive damages standard is the came as the culpability required for § 1983 liability.   *See Wright v. Miller*, **561 Fed. Appx. 551, 55-56 (7th Cir. 2014) (citing** *Smith v. Wade*, **461 U.S. 30, 56, 103 S.Ct. 1625, 75 L.Ed.2d 632 (1983);** *Woodward v. Corr. Med. Servs. of Ill., Inc.*, **368 F.3d 917, 930 (7th Cir. 2004)).**   Thus, the Court finds that the punitive damages instruction to the jury accurately set for the standard required to obtain punitive damages.   Defendants' motion as to this point is also **DENIED**.

CONCLUSION

Accordingly, the Court **DENIES** Defendants' post-trial motion.

**IT IS SO ORDERED**.
DATED: March 28, 2017.

*/s/ Stephen C. Williams*
STEPHEN C. WILLIAMS
United States Magistrate Judge